UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN HOURIHAN,

     Plaintiff,

v.                                   Case No. 6:15-cv-1417-Orl37GJK

COMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## ORDER

In this social security appeal, U.S. Magistrate Judge Gregory J. Kelly recommends that the Court affirm the Commissioner's decision to deny Plaintiff disability benefits. (Doc. 19.) Plaintiff filed objections to the Report and Recommendation (Doc. 20), and Defendant responded (Doc. 21). For the reasons set forth below, the decision of the Commissioner is due to be affirmed and the Report and Recommendation is due to be adopted.

## I.    PROCEDURAL HISTORY

The instant action implicates an eleven-year procedural history. (*See* Doc. 18, pp. 1–2.) To be sure, Plaintiff first filed his application for social security disability benefits on March 15, 2006. (*Id.* at 1.) Since that time, Plaintiff has appealed the Commissioner's denial of benefits three times. (*Id.* at 1–2.)

The Commissioner initially denied Plaintiff's first claim on August 23, 2006, and then upon reconsideration. (*Id.* at 1.) After Plaintiff requested and received a hearing, an administrative law judge ("**ALJ**") found him not disabled and issued an unfavorable decision on his claim. (*Id.*) On appeal, the Appeals Council of the Social Security Administration ("**Appeals Council**") assumed jurisdiction and remanded the case back to the ALJ for further proceedings.  (*Id.*)

The same ALJ conducted a second administrative hearing on February 15, 2011, and again found that Plaintiff was not disabled ("**Second Decision**"). (*Id.*) After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the Second Decision to the U.S. District Court for the Middle District of Florida. (*Id.* at 2.) On appeal, U.S. District Judge Charlene E. Honeywell reversed the Commissioner's decision and remanded the case for a third administrative hearing. *Hourihan v. Comm'r of Soc. Sec.*, No. 6:11-cv-1899-Orl-36GJK ("*Hourihan I*"), Doc. 25 ("**Remand Order**"). In doing so, Judge Honeywell directed the ALJ to pose a hypothetical question to the vocational expert ("**VE**") on remand that specifically accounted for Plaintiff's moderate limitations in concentration, persistence, or pace ("**Directive**"). (*Id.* at 10.)

Pursuant to the Remand Order, a new administrative hearing was held on April 1, 2015—this time before a different ALJ. (Doc. 18, p. 2.) On June 26, 2015, the ALJ issued an unfavorable decision on Plaintiff's claim for disability benefits ("**Third Decision**"). (*Id.*) Plaintiff appealed the decision to this Court and, on November 30, 2016, U.S. Magistrate Judge Gregory J. Kelly issued a Report recommending that the Court affirm the decision of the Commissioner. (Doc. 19 ("**Instant R&R**").) Plaintiff objected (Doc. 20

("**Objection**"), and Defendant responded (Doc. 21 ("**Response**")). The matter is now ripe for the Court's consideration.

## II.   STANDARD OF REVIEW

### A.   Report and Recommendations

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B.   Social Security Appeals

In social security appeals, a reviewing court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* In conducting such review, a court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Id.* "Even if the evidence preponderates against the Commissioner's findings, [the reviewing court] must affirm if the decision is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### III.   DISCUSSION

In this appeal, Plaintiff alleges that the Commissioner failed to comply with the Remand Order in arriving at the Third Decision. (*See* Doc. 18, pp. 11–17, 21–27.) Specifically, Plaintiff contends that the Commissioner: (1) failed to apply the correct legal standards to the medical opinions of Plaintiff's treating and non-treating physicians; and (2) improperly discredited the VE's testimony that two or more moderate limitations would preclude Plaintiff from gainful employment. (*Id.*) Magistrate Judge Kelly disagrees with each of these purported errors and recommends that the Court affirm the Commissioner's decision. (Doc. 19.) Because Plaintiff's Objection is premised on the ALJ's alleged failure to comply with the Directive in the Remand Order (Doc. 20), the Court must review the relevant legal standards in tandem with the findings and conclusions reached in *Hourihan I*.

### A.   *Hourihan I*

On Plaintiff's first appeal to this district court, Magistrate Judge Kelly and District Judge Honeywell each concluded that the hypothetical question posed to the VE during the second administrative hearing did not sufficiently account for Plaintiff's limitations in concentration, persistence, or pace. (*Hourihan I*, Docs. 21, 22.) Initially, in a Report and Recommendation issued December 13, 2012, Magistrate Judge Kelly found two cumulative errors in the Commissioner's Second Decision—(1) first, that the ALJ erred by relying on the opinions of non-treating physician Olin Hamrick, Psy.D ("**Dr. Hamrick**") to attribute less weight to the conflicting opinions of treating physician

Stephen Oh, M.D. ("**Dr. Oh**") ("**Medical Opinion Error**"); and (2) second, that the ALJ's improper reliance on Dr. Hamrick's opinion fatally pervaded the hypothetical question posed to the VE ("**Insufficient Hypothetical**"). (*Id.*, Doc. 21 ("**Initial R&R**").)

### 1.      Medical Opinion Error

"It is well established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Crawford*, 363 F.3d at 1159. "[G]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Philips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2014). But "[t]he good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a [non-treating] physician where it contradicts the report of the treating physician." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Indeed, "[t]he opinions of [non-treating], reviewing physicians, when contrary to those of examining physicians[,] are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Id.* (quoting *Sharfarz v. Bowen*, 825 F.3d 278, 280 (11th Cir. 1987)). Rather, "[w]hen electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons," which must be founded on good cause. *Philips*, 357 F.3d at 1241.

Based on the foregoing principles, Magistrate Judge Kelly concluded that the ALJ failed to articulate good cause for discounting Dr. Oh's opinions. (*Hourihan I*, Docs. 21, pp. 20–21.)

### 2.      Insufficient Hypothetical

#### i.      Relevant Legal Standards

At the administrative level, an ALJ applies a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178. Specifically, the ALJ must evaluate:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("**RFC**") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Id.* At step five, if the ALJ finds that "the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled. If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled." *Phillips*, 357 F.3d at 1239.

"An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [VE]." *Winschel*, 631 F.3d at 1180. "A [VE] is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240. "When the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the [claimant's limitations] will be able to secure employment in the national economy." *Id.* A VE's

testimony constitutes substantial evidence only if the ALJ poses a hypothetical question which comprises all of the claimant's impairments. *Winschel*, 631 F.3d at 1180.

Generally, when an ALJ restricts the hypothetical question to simple, routine tasks or unskilled work, he does not account for a claimant's limitations in concentration, persistence, and pace. *Id.* "But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.*

### ii.        Findings and Conclusions in  Initial R&R

With this framework in mind, the *Hourihan I* court was tasked with determining whether the hypothetical question posed to the VE during the second administrative hearing properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. (*See Hourihan I*, Doc. 18, pp. 11–13.) In the Initial R&R, Magistrate Judge Kelly found that the ALJ gave great weight to Dr. Hamrick's opinion that Plaintiff was "not significantly limited in the ability to understand, remember or carry out very short and simple instructions and [could] perform simple, one or two-step, routine, repetitive kinds of tasks that [could] be done without a lot of close supervision" ("**Limitation Opinion**"). (*Id.*, Doc. 21, p. 22.) Based on this opinion, the ALJ asked the VE—in relevant part—whether there were significant jobs in the national economy for someone limited to simple tasks ("**Original Hypothetical**"). (*Id.*, Doc. 13-2, pp. 76–77.) While the Initial R&R noted that the Original Hypothetical would have been sufficient had the medical evidence demonstrated that Plaintiff could engage in simple, routine

tasks or unskilled work *despite* limitations in concentration, persistence, and pace, Magistrate Judge Kelly found that the Original Hypothetical was not supported by substantial evidence in light of the Medical Opinion Error. (*Id.*, Doc. 21, pp. 21–22.) Hence Magistrate Judge Kelly recommended that the ALJ be required to pose a hypothetical question to the VE on remand that specifically accounted for these limitations. (*Id.* at 21, 24.)

### 3.    Remand Order

On March 20, 2013, Judge Honeywell issued the Remand Order, which: (1) adopted the Initial R&R in all respects; and (2) reversed and remanded the Commissioner's Second Decision. *Id.*, Doc. 25. The Remand Order also included following Directive:

> While the Eleventh Circuit does not require the hypothetical to the VE to explicitly state the Plaintiff's limitations in concentration, persistence[,] or pace when these limitations are implicitly accounted for in the medical record, here the ALJ did not articulate good cause for giving Dr. Oh's opinion little weight and thus the hypothetical was insufficient. On remand, the ALJ is required to pose a hypothetical question to the VE that specifically accounts for Plaintiff's moderate limitations in concentration, persistence[,] or pace ("**Required Hypothetical**").

(*Id.* at 9–10.)

### B.    Instant Appeal

As aforementioned, Plaintiff appealed the Third Decision on the ground that the ALJ had failed to comply with the Remand Order. (Doc. 18, pp. 11–17, 21–27.) With respect to Plaintiff's argument that the ALJ erred in her assignment of weight to the

various medical opinions, Magistrate Judge Kelly found that there was substantial evidence to support the ALJ's purported reason for assigning no weight to Dr. Oh's opinion that Plaintiff had "moderate limitations in understanding, remembering, and carrying out very short and simple instructions," because Dr. Oh's treatment records contradicted this opinion. (Doc. 19, p. 16.) Additionally, based on his findings that the ALJ articulated good cause to discount Dr. Oh's opinion and the non-treating doctors' opinions were supported by the evidence, Magistrate Judge Kelly found that the ALJ did not err in affording significant weight to the non-treating physicians' opinions. (*Id.* at 17–18.) Such opinions included Dr. Hamrick's testimony that Plaintiff's ability to carry out short and simple tasks was not significantly limited ("**Simple Task Testimony**"), despite his testimony that Plaintiff possessed moderate limitations in the area of sustained concentration and persistence—inclusive of pace. (*See id.* at 18; *see also* Doc. 14-12, pp. 32–34, 36.)

With respect to the Directive in the Remand Order, however, a second wrinkle emerged. Indeed, on remand, while the ALJ posed the Required Hypothetical to the VE, she also posed one similar to the Original Hypothetical, which she relied on in rendering the Third Decision and concluding that Plaintiff was not disabled. (*See* Doc. 14-11, pp. 63–64, 72–73, 23–24.)

### 1.    First Hypothetical on Remand

Plaintiff's main assignment of error is related to the first question posed to the VE on remand, in which the ALJ asked her to identify jobs that could be performed in the national economy by an individual with Plaintiff's characteristics, "restricted to light

work," and possessing "a non-exertional limitation of moderate limitations in concentration, persistence, and pace" ("**First Remand Hypothetical**"). (Doc. 14-11, pp. 63–64.) From there, the conversation between the ALJ and VE devolved into a protracted discussion about the number of limitations at issue and the definition of the term "moderate." (*Id.* at 64–68, 71–72.) In the end, the VE testified that: (1) a moderate limitation is one that significantly impacts functional capacity, but does not necessarily preclude employment; and (2) an individual can perform a job only if they have one or less moderate limitations, as two or more moderate limitations would erode the occupational base and preclude competitive employment.[1] (*Id.* at 66, 64.)

Plaintiff contends that the ALJ should have found Plaintiff disabled based on this exchange. (Doc. 18, p. 16–18.) In particular, Plaintiff argues that the ALJ's Third Decision was not supported by substantial evidence because the ALJ failed to explain why she did not credit the VE's testimony that two or more moderate limitations would preclude employment. (*Id.* at 18.) Plaintiff's contention, therefore, appears to be that, because he has more than one limitation in concentration, persistence, or pace, he cannot work ("**Multiple Limitations Argument**").

### 2.    Second Hypothetical on Remand

In her second hypothetical to the VE, the ALJ asked whether an individual with Plaintiff's characteristics, "restricted to light work" and "no more than simple, routine,

---

[1] Although the Instant R&R states that the VE eventually agreed that a moderate limitation in concentration, persistence, and pace is *one* limitation (Doc. 19, pp. 9, 20), the Undersigned did not come to the same conclusion on its own reading of the VE's testimony.

repetitive tasks with no more than occasional interaction with supervisors, coworkers, and the general public," could perform any fulltime jobs in the national economy ("**Second Remand Hypothetical**"). (Doc. 14-11, p. 73.) The VE answered the question affirmatively, identifying three jobs, and the ALJ found that Plaintiff was not disabled. (*Id.* at 73, 23.) Based on the principles set forth in *Winschel*, the Instant R&R concluded that, having found good cause to disregard Dr. Oh's opinion on remand, the ALJ properly gave substantial weight to Dr. Hamrick's opinion—including his Simple Task Testimony—and, therefore, the Second Remand Hypothetical sufficiently accounted for Plaintiff's limitations. (Doc. 19, p. 21.) Notwithstanding Plaintiff's Multiple Argument Opinion—which he reasserted almost verbatim in his Objection (*see* Doc. 20)—the Court agrees with the conclusions contained in the Instant R&R.

### 3. Analysis

It is true that Dr. Hamrick testified that Plaintiff is moderately limited as to multiple abilities in the area of sustained concentration and persistence. (Doc. 14-12, pp. 33–34.) Such abilities include the: (1) the ability to carry out detailed instructions; (2) the ability to maintain attention and concentration for extended periods; (3) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) the ability to sustain an ordinary routine without special supervision; (5) the ability to work in coordination with or proximity to others without being distracted by them; and (6) the ability to complete a normal workday and workweek without interruptions and psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*)

Though such testimony supports the argument that Plaintiff has more than one moderate limitation in the area of concentration, persistence, and pace, Plaintiff fails to cite any authority to support his argument that the number of such limitations is of any moment.

At this juncture, the Court's only task is to "determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel*, 631 F.3d at 1178. A VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical question that comprises all of the claimant's impairments. *Id.* at 1180. Moreover, binding Eleventh Circuit case law provides that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace," "limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* at 1180.

Here, despite finding that Plaintiff is moderately limited with respect to several abilities in the area of sustained concentration and persistence, Dr. Hamrick's testified that: (1) Plaintiff is not significantly limited in the ability to carry out very short and simple instructions; (2) Plaintiff is not significantly limited in the ability to make simple work-related decisions; and (3) Plaintiff can perform solitary work involving "simple one and two step routine repetitive kinds of tasks that can be done without a lot of pre-close oversight." (Doc. 14-12, pp. 32–34, 36.) In light of this medical evidence, it was appropriate for the ALJ to pose a hypothetical to the VE, which limited Plaintiff to simple, routine, and repetitive tasks. Indeed, *Winschel* provides that such a hypothetical "sufficiently accounts for ***limitations*** in concentration, persistence[,] and pace." 631 F.3d

at 1180 (emphasis added).[2] Thus, pursuant to *Winschel*, the Second Remand Hypothetical complied with the Directive in the Remand Order, and the Third Decision was based on proper legal standards and supported by substantial evidence. On these grounds, the Court rejects Plaintiff's Objection.

## IV.   CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which Plaintiff objected, the Court agrees with the findings and conclusions set forth in the Instant R&R.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Objection to Report and Recommendation dated November 30, 2016 (Doc. 20) is **OVERRULED**.

2.   U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 19) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3.   The decision of the Commissioner is **AFFIRMED**.

4.   The Clerk is **DIRECTED** to—

   a.   Enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Kevin Hourihan; and

   b.   Close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2017.

---

[2] Notably, the Eleventh Circuit's language references limitations in the plural.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record